UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

              Plaintiff,

       v.

TINSLEY *et al.*,

              Defendants.

CAUSE NO. 3:19-CV-1007-DRL-MGG

## OPINION & ORDER

Dwayne Doolin, a prisoner without a lawyer, alleges that, while confined at the Indiana State Prison on a parole hold: (1) Sgt. Tinsley used excessive force against him and sexually assaulted him; (2) Sgt. Schmeltz failed to intervene to stop Sgt. Tinsley; and (3) C. Burke and Luther failed to properly investigate his claims and retaliated against him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

On August 21, 2019, Mr. Doolin was on suicide watch and wearing a suicide kimono. According to Mr. Doolin, Sgt. Tinsley and Sgt. Schmeltz took the suicide kimono away, leaving Mr. Doolin naked. Twenty to thirty minutes later, Sgt. Tinsley and Sgt. Schmeltz returned to Mr. Doolin's cell and ordered Mr. Doolin to cuff up. He stood and placed his hands behind his back. Although he was cooperating, Sgt. Tinsley then sprayed him with O.C. spray. A minute or two later, Sgt. Tinsley sprayed Mr. Doolin again. After being sprayed, he was placed in cuffs. Sgt. Tinsley then used his hand

to smear the O.C. spray over Mr. Doolin's genitals and into his anus and squeezed his testicles, causing Mr. Doolin great pain.

Mr. Doolin has sued Sgt. Tinsley for excessive force and sexual assault. At the time of the incident, Mr. Doolin was incarcerated on a parole hold.[1] The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, while the evidence may ultimately demonstrate that the use of force was justified, giving Mr. Doolin the inferences to which he is entitled at this stage of the case, he has stated a claim against Sgt. Tinsley.

Mr. Doolin has also sued Sgt. Schmeltz. Sgt. Schmeltz was present when Sgt. Tinsley used force against Mr. Doolin. Mr. Doolin alleges that Sgt. Schmeltz should have intervened to stop Sgt. Tinsley. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Here, giving Mr. Doolin the inferences to which he is entitled at this stage, it can plausibly be inferred that Sgt. Tinsley's alleged actions lasted sufficiently long for Sgt. Schmeltz to intervene. Therefore, Mr. Doolin will be permitted to proceed against Sgt. Schmeltz.

Following the incident, Mr. Doolin brought a sexual abuse claim against Sgt. Tinsley. C. Burke and Luther investigated that claim and ultimately determined that Mr. Doolin's claim was unfounded. Mr. Doolin has sued C. Burke and Luther because he is unhappy with their investigation. A doctor

---

[1]Mr. Doolin was a parolee, but it appears that he also had criminal charges pending against him. To the extent that his claim is governed by the Fourteenth Amendment rather than the Eighth Amendment, it does not alter the outcome of this case. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating the plaintiff as a pretrial detainee despite his parole hold).

performed a visual examination following the incident, but Mr. Doolin feels that he should have been given a "rape kit" examination. He has no constitutional right to a specific investigation of his claims. "Only persons who cause or participate in the [constitutional] violations are responsible" for those violations; failing to investigate or ruling against a prisoner's complaint "does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted).

Mr. Doolin also alleges that he has been told by "I & I" that, if he pursues this complaint, they will bring criminal charges against him and make his life hell. Mr. Doolin does not identify the individual that made this threat—he only refers to the office of investigation and intelligence generally. But, even if he had identified the individual that threatened him, he could not proceed on a retaliation claim on these facts. "To prevail on his First Amendment retaliation claim, [Mr. Doolin] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Doolin alleges that he engaged in protected activity by filing this complaint, but he does not allege that he has suffered a deprivation that would likely deter First Amendment activity. He says he has been threatened with such a deprivation, but to proceed he must suffer an actual deprivation, not merely the threat of one. Thus, he has not stated a claim against C. Burke or Luther.

Last, Mr. Doolin asks to be transferred to another prison. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Here, Mr. Doolin does not appear to have ongoing contact with Sgt. Tinsley. He also reports that Sgt. Tinsley may no longer be employed by the prison. Thus,

there in no reason to believe that Sgt. Tinsley poses a current risk to Mr. Doolin. The facts presented here do not warrant an intrusion upon that discretion.

For these reasons, the court:

(1) GRANTS Dwayne Doolin leave to proceed against Sgt. Tinsley in his individual capacity for nominal, compensatory, and punitive damages, for allegedly using O.C. spray on Mr. Doolin and then purposefully spreading the O.C. spray onto his genitals and into his anus on August 21, 2019, in violation of the Eighth Amendment;

(2) GRANTS Dwayne Doolin leave to proceed against Sgt. Schmeltz in his individual capacity for nominal, compensatory, and punitive damages, for allegedly failing to intervene in Sgt. Tinsley's use of force against Dwayne Doolin on August 21, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES C. Burke and Luther;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Tinsley and Sgt. Schmeltz at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant if he does not waive service and it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Tinsley and Sgt. Schmeltz respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 23, 2020                    *s/ Damon R. Leichty*
                                  Judge, United States District Court